UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LIBERTY MOYER            JURY TRIAL DEMANDED
CHRISTOPHER PRIAL

v.

CASE NO. 3:17 cv

I.Q. DATA INTERNATIONAL, INC.

## COMPLAINT

1. Plaintiffs bring this action to obtain relief for defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

2. This Court has jurisdiction. 15 U.S.C. §1692k(d).

3. Venue is proper because at all relevant times, plaintiffs were citizens of Connecticut.

4. Each plaintiff is a natural person who was the object of efforts by Defendant to collect an alleged apartment rental balance incurred for personal residential purposes.

5. Defendant focuses on collecting for property managers with regard to debts owed by past apartment residents.

6. Defendant regularly attempts to collect personal apartment debts from natural persons through the use of the mails.

7. On February 3, 2017, defendant sent its initial collection letter.

8. The initial collection letter identified the creditor as "121 Towne Apts (CT)".

9. There is no such entity as 121 Towne Apts (CT).

10. Plaintiffs' 2013 apartment rental agreement was with RV V Lockworks LLC, as owner, and later with RV V Lockworks Investment LLC as owner. The latter is not registered to

do business in Connecticut.

11. The underlying billing on which defendant based its letter was issued by an entity called Greystar, a registered trade name of Greystar Real Estate Partners, LLC.

12. Defendant's initial letter disclosed the "Principal Due" as $9,904.84 and "Interest Due" as $1.84.

13. Documents provided by "Ken Banks" (believed to be Kenneth Stumbo) by way of verification show that the principal was $8395.14.

14. Even though the underlying rental agreement specified a usurious rate of interest, defendant unilaterally added 8% interest to the balance forwarded to it by its client.

15. Defendant reported the account inaccurately to credit bureaus, for instance, by stating that the account was an individual account of each plaintiff, naming the original creditor as 121 Towne Apts CT, stating that the original amount was $9,094, and failing to use the correct code to indicate that the account was disputed.

16. Plaintiff Prial was denied credit based on defendant's credit report.

17. Both plaintiffs experienced garden variety emotional distress, inconvenience, expense for disputing the account.

18. As a result of the violations of §1692e and §1692g of the FDCPA, Defendant is liable to each Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law. Fed. R. Civ. P. 54(c);

2. Award attorney's fees and costs. Fed. R. Civ. P. 54(d);

3. Grant such other and further relief as may be just and proper.

                        THE PLAINTIFFS

                            BY /s/ Joanne S. Faulkner
                            Joanne S. Faulkner ct04137
                            faulknerlawoffice@snet.net
                            123 Avon Street
                            New Haven, CT 06511-2422
                            (203) 772-0395